T.C. Summary Opinion 2011-20

UNITED STATES TAX COURT

LARRY KEITH HODGES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20606-09S.                    Filed February 28, 2011.

Larry Keith Hodges, pro se.

<u>Dennis R. Onnen</u>, for respondent.


MORRISON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  All section references are to the Internal Revenue Code of
1986, as amended.

## Background

Pursuant to section 6330(d)(1), Larry Keith Hodges asks this Court to review the notice of determination issued by the IRS Appeals Office sustaining the filing of a notice of federal tax lien to collect income taxes he owes for 1999, 2000, 2002, and 2003.

On September 2, 2008, the IRS filed a notice of federal tax lien to collect Hodges' income tax liability for the years 1999, 2000, 2002, and 2003. The IRS mailed a notice of this filing to Hodges on September 2, 2008. Hodges requested an administrative hearing with the Appeals Office. In his request he asked the Appeals Office to consider an offer-in-compromise and to withdraw the lien notice. In a March 5, 2009 letter, the Appeals Office requested documents to substantiate Hodges' assets, debts, income, and expenses. On April 21, 2009, the Appeals Office sent Hodges a letter scheduling a telephone conference with him for May 14, 2009, at 1 p.m. and giving him the option of appearing in person. The letter requested the following financial documents: copies of bank statements and canceled checks for the last six months, documentation of loan balances and the amount of the monthly payments, and documentation of medical expenses. On May 14, 2009, Settlement Officer Penny of the Appeals Office called Hodges at the scheduled time. Hodges told Penny he could no longer afford an offer-in-compromise. Hodges instead asked that

collection activity be suspended.  Penny asked Hodges for the same financial documents requested in the April 21, 2009 letter. Hodges did not submit the requested financial documents.  As a result, the Appeals Office determined that a suspension of collection efforts based upon Hodges' inability to pay was not justified.  By a notice dated July 30, 2009, the Appeals Office sustained the filing of the notice of federal tax lien.  Hodges filed a petition with the Tax Court to challenge the determination.  Hodges resided in Kansas when he filed his petition.

Discussion

1.  <u>Rules Governing Collection Hearings</u>

When a taxpayer fails to pay any federal income tax liability after demand, section 6321 imposes a lien in favor of the United States on all the property of the delinquent taxpayer, and section 6323 authorizes the IRS to file notice of that lien. However, within five business days after filing a notice of federal tax lien, the IRS must provide written notice of that filing to the taxpayer.  Sec. 6320(a).  After receiving such a notice, the taxpayer may request an administrative hearing before the Appeals Office.  Sec. 6320(a)(3)(B), (b)(1).  Administrative review is carried out by a hearing before the Appeals Office pursuant to section 6330(b) and (c).  At the hearing the Appeals Officer must verify that the requirements of applicable law and

administrative procedure have been met, consider the issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). A taxpayer dissatisfied with the outcome of the hearing may appeal the notice of determination to the Tax Court under section 6330(d), as Hodges has done. Where the underlying liability is not at issue, we review the determination of the Appeals Office for abuse of discretion. That is, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006). Since the underlying liability is not at issue in this case, we review the determination of the Appeals Office for abuse of discretion.

2. The Appeals Office Did Not Abuse Its Discretion by Deciding Not To Declare Hodges' Tax Liabilities in Currently-Not-Collectible Status.

The notice of determination stated that the Appeals Office verified that the requirements of applicable law and administrative procedure had been met, and Hodges does not dispute that the requirements were met. The issue Hodges raised concerns collection alternatives. Hodges requested that the Appeals Office suspend collection activity against him on the ground of financial hardship. Suspension of collection activity

is, in the parlance of the governing statutory provisions, a "collection alternative" that the taxpayer may propose, see sec. 6330(c)(2)(A)(iii), and that the Appeals Office must "take into consideration", sec. 6330(c)(3)(B); Pitts v. Commissioner, T.C. Memo. 2010-101, slip. op. at 19.  The Internal Revenue Manual (IRM) makes provision for a taxpayer's account to be declared "currently not collectible" in cases of "hardship".  See IRM pts. 1.2.14.1.14 (Nov. 19, 1980) (Policy Statement 5-71), 5.16.1.2.9 (May 5, 2009).[1]  However, the regulations state that "Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing."  Sec. 301.6320-1(e)(1), Proced. & Admin. Regs.  It could hardly be otherwise. For a taxpayer to justify suspension of collection on the ground that the account should be deemed "currently not collectible"-- i.e., that the taxpayer cannot afford to pay the liability--the taxpayer must, of course, show an inability to pay the liability. To do so, the taxpayer must reveal what money is available and what expenses must be borne.  To obtain this information, the Appeals Office made two requests for financial documents from

---

[1]This IRM provision seems to indicate that currently-not-collectible status is a collection alternative to a levy action, not a lien action.  We review Hodges' entitlement to currently-not-collectible status nonetheless because the notice of determination considered it.

Hodges--but Hodges failed to submit the documents.[2]  In the absence of those documents, the Appeals Office did not abuse its discretion by declining to put Hodges' account into currently-not-collectible status.  See also Pitts v. Commissioner, supra.

3.   Other Issues

The Appeals Office was required to consider whether the intrusiveness of filing a notice of tax lien against Hodges was balanced by the need to collect the unpaid taxes.  See sec. 6330(c)(3)(C).  The notice of determination says that this consideration was taken into account by the Appeals Office.  Nothing in the record indicates otherwise.  In addition, there is no evidence that any of the circumstances permitting the withdrawal of the notice of lien exist.  See sec. 6323(j)(1).

## Conclusion

The Appeals Office did not abuse its discretion when it denied currently-not-collectible status to Hodges and upheld the filing of the notice of a federal tax lien.

To reflect the foregoing,

Decision will be entered

for respondent.

----

[2]Hodges testified that he has suffered from strokes that have periodically handicapped him.  He did not testify that his condition prevented him from sending the requested financial documents to the IRS.